# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **ROXANNE WHARTON,** | C.A. No.: |
| Plaintiff, | **TRIAL BY JURY DEMANDED** |
| v. | |
| **BAYHEALTH MEDICAL CENTER, INC.,** | **COMPLAINT** |
| Defendant. | |

1. Plaintiff Roxanne Wharton ("Wharton" or "Plaintiff") is a resident of the State of Delaware residing at 2301 Alley Corner Road, Clayton, DE 19938.

2. Defendant Bayhealth Medical Center ("Bayhealth" or "Defendant") is a Delaware corporation whose registered agent for service of process is Bayhealth Medical Center, 640 South State Street, Dover, Delaware 19901.

3. Defendant is an employer within the State of Delaware and within the jurisdictional coverage of Title VII of the Civil Rights Act, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII") and the Delaware Discrimination in Employment Act ("DDEA"), 19 *Del. C.* § 710, *et seq.*

4. Jurisdiction is conferred on this Court by 42 U.S.C. § 2000e-5(f)(3), 28 U.S.C. § 1331, 28 U.S.C. § 1343, and 28 U.S.C. § 1367.

5. Venue for all causes of action stated herein lies in the District of Delaware pursuant to 28 U.S.C. § 1391(b), as the acts alleged as the basis for these claims took place within the boundaries of that District.

6. Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, and under the Delaware Discrimination in Employment Act to redress the wrongs done to her by Defendant's discrimination against her on the basis of her religion.

7. Plaintiff timely submitted a complaint of discrimination based on her religion to the Delaware Department of Labor ("DDOL") and the Equal Employment Opportunity Commission ("EEOC").

8. Plaintiff has received a Notice of Right to Sue for the above referenced charge from the EEOC.

9. Plaintiff has timely filed this Complaint within ninety (90) days of her receipt of the EEOC Notice of Right to Sue.

10. Plaintiff was hired by Defendant as a Radiation Therapist in or about April 1992.

11. Plaintiff held the position of Radiation Therapist at the time of her discharge.

12. At all times relevant to this Complaint, Plaintiff was qualified for her job position and satisfactorily performed all duties of her job position.

13. On August 12, 2021, Governor John Carney ordered that all Delaware state health care employees, which included Defendant's employees, to either become vaccinated or submit to regular testing for the COVID-19 virus by September 30, 2021.

14. On November 5, 2021, the Centers for Medicare and Medicaid Services ("CMS") issued a COVID-19 vaccine mandate.

15. The CMS vaccine mandate required that health care facilities ensure their covered staff were vaccinated against COVID-19, but also required that such facilities offer medical and religious exemptions.

16. Pursuant to the CMS mandate, a facility was considered 100% compliant when all of its staff were either vaccinated or had a medical or religious waiver.

17. Plaintiff holds a sincere religious belief that prevents her from being inoculated with the COVID-19 vaccine.

18. On November 15, 2021, Plaintiff submitted a request for an exemption to the COVID-19 immunization based on her sincerely held religious beliefs.

19. The request detailed the basis for Plaintiff's sincerely held religious belief, specifically noting, *inter alia*, her belief that God requires her to follow her conscience, that the vaccine would alter her body, and that she believes it is a sinful act to change what God has given her.

20. On November 19, 2021, an Employee Relations Specialist requested that Plaintiff provide a letter from a religious/spiritual leader, or a member or person with personal knowledge of the religious organization that Plaintiff attends, that explained the doctrine/beliefs that prohibit COVID-19 immunization.

21. Plaintiff provided a letter from her priest which noted Plaintiff is ardently pro-life and believes abortion to be evil, and that Plaintiff has carefully weighed in her conscience how receiving any COVID-19 vaccination, which Plaintiff believes were all developed using the fetal tissue of aborted babies, would compromise her faith and morals. The priest noted that if a Catholic comes to an informed and sure Judgment in conscience that he or she should not receive a vaccine, then the Catholic Church requires that the person follow this judgment of conscience and refuse the vaccine.

22. Plaintiff has refused the Influenza vaccination for the past two years without consequence.

23. On December 14, 2021, Defendant informed Plaintiff via letter that her request for a religious exemption was denied without providing a reason for the denial.

24. On December 17, 2021, Plaintiff emailed Defendant's Human Resources department requesting the grounds on which her religious exemption was denied.

25. In response, on December 17, 2021, Defendant informed Plaintiff that her religion had no theological opposition to vaccinations.

26. By a letter dated January 26, 2022, a Delaware attorney wrote Terry M. Murphy, President and CEO of Defendant, on behalf of ninety Bayhealth employees, including Plaintiff, requesting Defendant reconsider the denied exemption requests and to comply with its obligations under Title VII.

27. Plaintiff's employment with Defendant was terminated on February 28, 2022.

28. By failing to allow an appeal or otherwise engage in any type of substantive communication regarding Plaintiff's request for an exemption, Defendant failed to engage in an interactive process to determine whether an exemption was warranted or whether a reasonable accommodation was available.

29. Plaintiff was subjected to differential treatment on the basis of her sincerely held religious beliefs by agents of the Defendant, including but not limited to retaliation and termination of her employment.

30. The reason proffered by Defendant for Plaintiff's termination, i.e., denial of her request for a religious exemption because Defendant believed her religion had no theological opposition to vaccines, failed to comply with federal and state laws prohibiting discrimination and retaliation based on sincerely held religious beliefs.

31. Defendant is liable for the actions of its agents as set forth in this complaint under the principles of agency and the doctrine of *respondeat superior* and pursuant to the ratification of the agents' actions by Defendant.

32. The wrongful acts committed by the Defendant, as stated hereinabove, were willful, wanton, and committed in bad faith.

### COUNT I - TITLE VII

33. Plaintiff restates and hereby incorporates by reference paragraphs 1 through 32 hereinabove.

34. By committing the aforementioned acts, including Plaintiff's subsequent termination, Defendant has discriminated against Plaintiff on the basis of her sincerely held religious beliefs in violation of 42 U.S.C. § 2000e *et seq*.

35. By committing the aforementioned acts, including Plaintiff's subsequent termination, Defendant has retaliated against Plaintiff on the basis of her sincerely held religious beliefs in violation of 42 U.S.C. § 2000e *et seq*.

36. As a direct result of the discriminatory, retaliatory, and wrongful conduct of the Defendant, Plaintiff has suffered damages, including, but not limited to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

   WHEREFORE, Plaintiff demands judgment against the Defendant for:
   a. back pay, including interest;

  b. reinstatement, if feasible, or in the alternative, front pay;

  c. compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

  d. punitive damages;

  e. pre-judgment and post-judgment interest;

  f. attorney's fees; and

  g. any other relief that this Court deems just.

## **COUNT II – DDEA**

37. Plaintiff hereby restates and incorporates by reference paragraphs 1 through 36 hereinabove.

38. By committing the aforementioned acts, including Plaintiff's subsequent termination, Defendant has discriminated against Plaintiff on the basis of her sincerely held religious beliefs in violation of 19 *Del. C.* § 710, *et seq*.

39. By committing the aforementioned acts, including Plaintiff's subsequent termination, Defendant has retaliated against Plaintiff on the basis of her sincerely held religious beliefs in violation of 19 *Del. C.* § 710, *et seq*.

40. As a direct result of the discriminatory, retaliatory, and wrongful conduct of the Defendant, Plaintiff has suffered damages, including, but not limited

to, severe emotional distress, pain and suffering, mental anguish, humiliation, and lost wages.

WHEREFORE, Plaintiff demands judgment against the Defendant for:

a. back pay, including interest;

b. reinstatement, if feasible, or in the alternative, front pay;

c. compensatory damages, including damages for emotional and physical pain and suffering, inconvenience, mental anguish, loss of enjoyment of life, and all other non-pecuniary damages;

d. punitive damages;

e. pre-judgment and post-judgment interest;

f. attorney's fees; and

g. any other relief that this Court deems just.

SCHMITTINGER & RODRIGUEZ, P.A.

By: */s/ Gary E. Junge*
GARY E. JUNGE, ESQUIRE
Bar I.D. # 6169
414 South State Street
P.O. Box 497
Dover, Delaware 19903-0497
(302) 674-0140
Attorney for Plaintiff

Dated: January 30, 2023